IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JORDANOFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-493-F |
| | ) | |
| JUSTIN JONES, ODOC Director, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, challenges his sentence execution in a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Court Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a response, Doc. 18, and Petitioner replied. Doc. 20. The undersigned recommends that the court dismiss the habeas petition as untimely.

**I.   Background.**

In 2009, Cleveland County officials charged Petitioner with attempted escape from a penal institution; however, the state court dismissed the charges in May 2011. Doc. 1, Att. 3, at 2-5.[1] Nevertheless, Oklahoma Department of Corrections (DOC) officials assessed Petitioner with "escape

---

[1] All citations refer to the court's CM/ECF pagination.

points," *id.* Att. 3, at 7, which, according to Petitioner, hinders his ability to earn "good-time" credits and affects his security status. Doc. 1, at 5-8.

On March 30, 2012, Petitioner wrote DOC Sentence Administrator Jim Rabon complaining about the "escape points." *Id.* Att. 3, at 1, 6. Then, on April 18, 2012, Petitioner wrote Respondent a letter with the same complaint. Doc. 18, Ex. 5, at 5. Almost a year later, on March 5, 2013, Petitioner filed a writ of mandamus in Oklahoma County district court. *Id.* Ex. 4, at 4. The court denied relief on January 15, 2014, *id.* Ex. 4, at 1-3, and Petitioner did not appeal. The record reflects that Petitioner also submitted grievances with DOC officials in September and October 2013. *Id.* Ex. 5, at 15-18, 20-22, 25-28, 31-35, 38-40, 42-44, 46-49, 52-54, 56-62.

Petitioner filed the instant action on May 13, 2014. Doc. 1, at 1.[2]

## II. Petitioner's claims.

Petitioner alleges that DOC's assessment of "escape points," without an escape conviction, violates his right to due process, illegally extends his confinement, and constitutes cruel and unusual punishment. *Id.* at 5-8.

---

[2] Ordinarily, the undersigned would deem the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). However, Petitioner did not verify his petition or otherwise provide the date he gave it to prison officials for mailing. Doc. 1, at 15. Thus, the undersigned deems the petition filed on the date the Clerk of the Court file-stamped it – May 13, 2014.

### III. Analysis.

Respondent argues in part that the court lacks jurisdiction over the petition because it is untimely. Doc. 18, at 3-5. Petitioner blames the untimeliness on his "mental health issues." Doc. 1, at 13. The undersigned finds that, while the expiration of a statute of limitations does not deprive the court of jurisdiction, Respondent is otherwise correct that the petition is untimely.

#### A. Jurisdiction.

The undersigned first finds it necessary to address Respondent's curious and long-outdated challenge to the court's jurisdiction. According to Respondent, an untimely petition leaves the court "without a case or controversy" and thus, the court "lack[s] the power to review [such] matters" under "Article III of the Constitution." Doc. 18, at 3. But the United States Supreme Court has long disagreed, holding that in habeas proceedings "[a] statute of limitations defense . . . is *not* 'jurisdictional[.]'" *Day v. McDonough*, 547 U.S. 198, 205 (2006) (emphasis added). So, the undersigned finds no merit in Respondent's argument that the court lacks jurisdiction.

#### B. Expiration of the statute of limitations.

The undersigned does agree with Respondent that Petitioner's petition is untimely.

### 1. The trigger date for the statute of limitations.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which establishes a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that the AEDPA's one-year statute of limitations applies to "applications for writ of habeas corpus challenging the execution of a state sentence under § 2241"). In this circuit, when a petitioner "timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

On March 30, 2012, Petitioner wrote DOC Sentence Administrator Jim Rabon complaining about DOC's execution of his sentence. Doc. 1, Att. 3, at 1. Although Petitioner states that he never received a "formal" response, he acknowledges that officials responded to his letter in the form of a memorandum to the Classification Supervisor, dated April 3, 2012. Doc. 18, Ex. 5, at 5 (acknowledging that the "memorandum" was a response to his letter), 12 (April 3, 2012 memorandum). Unsatisfied, Petitioner then wrote Respondent on April 18, 2012, and that grievance was returned on April 25, 2012. *Id.* Ex. 5, at 4-5. Though there is some question as to whether this process constituted *proper* exhaustion, Doc. 18, at 7-9, the undersigned finds

4

that April 25, 2012, is the most appropriate start date for Petitioner's statute of limitations.[3] So, the undersigned finds that, absent tolling, the Petitioner's statute of limitations expired one year later, on April 26, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

2. **Statutory tolling.**

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed a writ of mandamus in state court on March 5, 2013 – just within his one-year limitations period – and the state court denied relief on January 15, 2014. Thus, Petitioner is entitled to 317 days of statutory tolling. And, while Petitioner did not seek further relief, he is also entitled to tolling for the

---

[3] As noted above, *supra* § I, Petitioner also filed prison grievances in September and October 2013. However, these grievances were neither timely nor diligently filed, and in light of Plaintiff's presumed exhaustion of administrative remedies in April 2012, the undersigned finds that these grievances do not entitle Petitioner to a later trigger date on his statute of limitations. *See Titsworth v. Mullin*, 415 F. App'x 50, 56 (10th Cir. 2011) (holding that only "'*timely and diligent*'" exhaustion will affect the statute of limitations (quoting *Dulworth*, 442 F.3d at 1268; emphasis added in *Titsworth*)).

5

thirty days in which he could have appealed. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." (emphasis in original)); *see also* Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals (requiring an appeal from a writ of mandamus to be filed within thirty days). So, in total, Petitioner is entitled to 347 days of tolling, extending his statute of limitations expiration date to April 8, 2014.

### 3. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances'") (citation omitted). Petitioner carries the burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner seeks equitable tolling based on "mental health issues." Doc. 1, at 13. However, "equitable tolling because of mental illness is only warranted in circumstances such as 'adjudication of incompetence,

6

institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing [his] own claim' because of mental incapacity.'" *Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. 2009) (citations omitted). Petitioner has not presented any evidence that he has been adjudicated incompetent or has been institutionalized for his alleged mental illness. Further, Petitioner has written numerous letters, filed grievances, and pursued a writ of mandamus in state court. This demonstrates an ability to pursue his claims despite any mental illness and the undersigned finds that equitable tolling is not warranted on this ground. *See Hendricks v. Howard*, 284 F. App'x 590, 591 (10th Cir. 2008) (affirming the district court's finding that petitioner was not entitled to equitable tolling for alleged mental illness where petitioner had "not been adjudicated incompetent, he did not claim to have been institutionalized for mental incapacity, and he was able to pursue state court post-conviction relief").

    4.   **Summary.**

With statutory tolling, Petitioner's statute of limitations expired on April 8, 2014, and he is not entitled to equitable tolling.[4] Because Petitioner

---

[4] Again, Petitioner filed prison grievances in September and October 2013. However, because these grievances were filed well over a year after Petitioner first complained about his sentence calculation, the undersigned finds that they were neither timely nor diligent and do not entitle Petitioner to any type of tolling. *See Titsworth*, 415 F. App'x at 56 (refusing to apply statutory, administrative, or equitable tolling to petitioner's § 2241 statute of

7

did not file the instant petition until May 13, 2014, the undersigned recommends that the court dismiss Petitioner's habeas petition as untimely.

**IV. Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the court dismiss the petition. The court's adoption of this recommendation will moot Petitioner's motion for preliminary injunction, in which he seeks the same relief (on the same grounds) as in his petition. Doc. 4.

The undersigned advises the parties of their right to object to this report and recommendation by the 27th day of October, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

limitations for administrative remedy attempts where petitioner did not timely file the administrative documents).

ENTERED this 7th day of October, 2014.

                                                                                       _____
                                                                                       SUZANNE MITCHELL
                                                                                       UNITED STATES MAGISTRATE JUDGE